UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-47-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JOSE VALAZQUEZ,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 58). The Government has responded in opposition to the motion. (Doc. No. 64).

I. BACKGROUND

In Between 2018 and 2020, Defendant led a drug-trafficking conspiracy responsible for distributing cocaine, heroin, and methamphetamine and for laundering drug-trafficking proceeds in Gaston and Mecklenburg Counties in North Carolina. (WDNC Case No. 3:20CR37, Doc. No. 34 ¶¶ 11–13). When police searched Defendant's home and Dodge van in January of 2024, they found two kilograms of heroin, 300 grams of a methamphetamine mixture, 487 grams of Fentanyl, more than 500 grams of cocaine, and multiple cell phones. (Id., Doc. No. 34 ¶¶ 19–21). Defendant admitting using a boutique shop in Charlotte, North Carolina, to accept drugs and launder drug-trafficking proceeds. (Id., Doc. No. 34 ¶¶ 24, 27–28). Defendant also directed subordinates to launder drug proceeds. (Id., Doc. No. 34 ¶ 53). When Defendant committed these offenses, he had previously been convicted of felony theft, fraud, and illegal reentry after

deportation. (Id., Doc. No. 34 ¶¶ 100, 103–04).

A federal grand jury charged Defendant in this case with conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, 500 grams of a methamphetamine mixture, and 500 grams of cocaine, 21 U.S.C. § 846; money-laundering conspiracy, 18 U.S.C. § 1956(h); possessing one kilogram of heroin with intent to distribute, 21 U.S.C. § 841; possessing 50 grams of a methamphetamine mixture with intent to distribute, 21 U.S.C. § 841; and possessing 500 grams of cocaine with intent to distribute, 21 U.S.C. § 841. (Id., Doc. No. 1).

Defendant entered into a plea agreement with the United States and pleaded guilty both conspiracy offenses and the substantive drug-trafficking offense involving heroin. (Id., Doc. No. 22 ¶ 1; id., Doc. No. 23). Defendant agreed that 2.3 kilogram of heroin, 300 grams of methamphetamine mixture, 500 grams of cocaine, and 487 grams of Fentanyl were reasonably foreseeable to him. (Id., Doc. No. 22 ¶ 8). Defendant agreed that he should receive a two-offense-level increase because he maintained a premises for the purpose of distributing controlled substances and that he was a "principal offender" within the conspiracies, precluding a mitigating-role decrease. (Id.). The parties agreed that they could argue their respective positions on whether Defendant should receive an aggravating-role increase. (Id.).

This Court's probation office submitted a presentence report and calculated a total offense level of 35. (Id., Doc. No. 34 ¶ 88). The Sentencing Guidelines advised a sentence of between 210 and 262 months in prison based on a total offense level of 35 and a criminal-history category of III. (Id., Doc. No. 34 ¶ 128). At sentencing, this Court reduced Defendant's total offense level by two levels, consistent with the parties' agreement to remove the aggravating-role

increase the probation office had recommended. (Id., Doc. No. 57 at 1). This Court found that the Sentencing Guidelines advised a sentence of between 168 and 210 months in prison. (Id.). This Court varied downward by one offense level and sentenced Defendant to 151 months in prison, at the bottom of the modified guideline range. (Id., Doc. No. 56 at 2; id., Doc. No. 57 at 3).

In October of 2023, Defendant asked the warden of his Bureau of Prisons facility to grant him compassionate release because his sentence is unjust and unfair and creates an unwarranted sentence disparity. (Id., Doc. No. 58-1 at 2). Defendant is credited with having served 55 months in prison, and he has not committed any disciplinary infractions while in the Bureau of Prisons. (Gov't Ex. 1). He has completed 10 educational courses or work assignments. (Id.). Defendant now asks this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Curry's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. (Id.).

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in

physical or mental health, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant has not identified any extraordinary and compelling reason to grant him compassionate release. Defendant suggests that this Court should reduce his sentence because it erroneously applied a mandatory-minimum sentence of 10 years in prison and because this Court failed to make a drug-quantity determination sufficient to support the guideline range this Court applied when it sentenced him. (WDNC Case No. 3:20CR47, Doc. No. 58 at 6–8). Defendant asserts that he should have been subject to "the lowest guideline range" applicable to offenses

-5-

Case 3:20-cr-00047-MOC-DCK   Document 65   Filed 04/04/24   Page 5 of 7

involving heroin, methamphetamine, and cocaine. (Id., Doc. No. 58 at 7–8).

Defendant's claims of sentencing error are not cognizable in a motion for compassionate release. As the Fourth Circuit explained in United States v. Ferguson, "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep § 2255's requirements." 55 F.4th 262, 270 (4th Cir. 2022). Additionally, Defendant has not identified any sentencing error. The grand jury alleged drug quantities sufficient to support the statutory, mandatory-minimum term of 120 months in prison identified in the presentence report. This mandatory-minimum sentence did not impact Defendant's 151-month sentence. See (WDNC Case No. 3:20CR47, Doc. No. 34 ¶ 127). Additionally, this Court adopted the drug-quantity findings in the presentence report that well supported the advisory guideline range applied by this Court. (See id., Doc. No. 57 at 1). Defendant has not identified any extraordinary and compelling reason described in § 1B1.13 to justify his compassionate release.

The sentencing considerations set forth in 18 U.S.C. § 3553(a) also counsel against a discretionary sentence reduction. Defendant's drug-trafficking offenses involved a large quantity of especially deadly controlled substances, and he was a "principal" member of his drug-trafficking organization. Defendant laundered drug-trafficking proceeds, using his own business. While Defendant has performed well in prison, his criminal history suggests that he is a continued risk to the community. For all these reasons, the Court denies Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 58), is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge